UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRIAN BLACK                                            CIVIL ACTION

VERSUS                                                 NO: 20-1504

THE RITZ-CARLTON HOTEL                                 SECTION: "J"(5)
COMPANY, LLC

## ORDER & REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 31)** filed by

Defendant, The Ritz-Carlton Hotel Company, LLC. Plaintiff, Brian Black opposes

this motion (Rec. Doc. 42). Having considered the motion and legal memoranda, the

record, and the applicable law, the Court finds that the motion should be **DENIED.**

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff Brian Black alleges that he was injured on May 4, 2019 at

approximately 12:30 a.m. while he attempted to descend the stairs in the lobby of

the Ritz-Carlton Hotel. Plaintiff and his companion went to the Ritz-Carlton Hotel

to visit the Davenport Lounge and proceeded to this area from the main lobby.

After realizing no band was playing, Plaintiff exited the Davenport Lounge where

he proceeded towards a set of stairs that descended back down to the lobby.

Although aware of the set of stairs, Plaintiff misplaced his footing and fell onto the

lower lobby of the hotel. Plaintiff alleges that the stairs were defective and

hazardous due to the lack of step nosing on the landing and steps designed to alert

guests of the edge of the step. Defendant argues that the steps without the step

nosing constitute an open and obvious condition or hazard of which Defendant had no duty to warn guests.

Plaintiff filed suit in this Court on May 21, 2020, alleging that his fall injured his knee, requiring surgery and claiming damages including past and future pain and suffering, past and future mental anguish and distress, disability, impairment of function, past and future lost earnings and earnings capacity, and past and future medical expenses.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex,* 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little,* 37 F.3d at 1075.

## DISCUSSION

Owners of buildings in Louisiana bear responsibility for injuries that occur, not just due to their actions, but due to any damage or defect within the thing they own. La. Civ. Code art. 2317. Louisiana Civil Code article 2322 provides:

> The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the

exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

However, building owners are only liable for those defects that present an unreasonable risk of harm. *Broussard v. State ex rel. Office of State Buildings*, 113 So. 3d 175, 183 (La. 2013). To determine whether a condition presents an unreasonable risk of harm, courts must balance the risk of the thing with any utility it might have. The Louisiana Supreme Court synthesized this risk-utility test into four factors:

> (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of its social utility or whether it is dangerous by nature.

*Id.* at 184. Building owners generally do not have the duty to guard against a risk that is "open and obvious to everyone who may potentially encounter it." *Bufkin v. Felipe's Louisiana, LLC*, 171 So.3d 851, 856 (La. 2014). This is because "when the risk is open and obvious to everyone, the probability of injury is low and the thing's utility may outweigh the risks caused by its defective condition." *Broussard*, 113 So. 3d at 184 (citing *Maraist & Galligan, Louisiana Tort Law* § 14.03, p. 14–9). Therefore, the threshold issue in this case is whether the stairs in the lobby of the Ritz-Carlton were unreasonably dangerous or whether they were an open and obvious risk such that the hotel owed no duty to visitors to guard against the risk that someone might slip or trip and fall.

As to the first prong of the duty-risk inquiry, Plaintiff and Defendant both agree that the stairs at issue have a high social utility (Rec. Doc. 31-1, at 11 and Rec. Doc. 42, at 11). However, the parties disagree as to prong two which investigates the likelihood and magnitude of harm caused by the complained of condition. Defendant argues that the stairs bear a low likelihood of harm because their risk was apparent, stating "the use of properly designed and non-defective stairs poses inherent and obvious risks that a pedestrian or guest of a hotel must exercise when encountering the stairs." (Rec. Doc. 31-1, at 9). Plaintiff, however, contends that the stairs did not pose an open and obvious risk and were therefore unreasonably dangerous because the transitions between steps were not easily discernable due to their uniform color and lack of a transition strip. (Rec. Doc. 42, at 13, 14).

To support the argument that the stairs presented an open and obvious risk, Defendant cites to *Edmison v. Caesars Entertainment Operating Company, Inc.*, 674 Fed. Appx. 355 (5th Cir. 2017). In *Edmison*, the plaintiff was killed when he fell down an escalator at Harrah's New Orleans Casino. *Id.* at 357. The Fifth Circuit held that the escalator in question was not unreasonably dangerous. Quoting the District Court, the Fifth Circuit agreed that "using a normally-operating escalator, like using stairs or crossing the street, poses inherent, yet obvious risks. . . . [the defendant] does not have a duty to add any and all safety features that may or may not prevent injury." *Id.* at 358. The Fifth Circuit in *Edmison* also found it relevant that the escalator was in compliance with safety

codes and that thousands of members of the general public had used the escalator without issue in the months leading up to the incident. *Id.* Indeed, the plaintiff himself had used the escalators many times in the past without incident. *Id.* Defendant argues that like the escalator in *Edmison*, the stairs at issue were merely an inherent risk that any patron at the Ritz-Carlton must encounter to enter or leave the lobby. They point to the fact that Plaintiff himself admitted that he "mis-stepped" as evidence that his accident was not due to any defect in the stairs, but rather in his own accidental stumble. (Rec. Doc. 31-1, at 9).

Plaintiff argues that Defendant's reliance on *Edmison* is misplaced because unlike the escalator, the stairs at issue were not up to code. (Rec. Doc. 42, at 13). Plaintiff's expert asserts that the stairs were in violation of building codes due to the lack of sufficient handrails and the lack of slip-resistant and adequately demarcated step nosings. (Rec. Doc. 42-2, at 10). However, Louisiana courts have held that code violations are not dispositive on whether an alleged defect was open and obvious. *See Primeaux v. Best Western Plus Houma Inn*, 274 So. 3d 20, 30 (La. App. 1 Cir. 2019). *See also Morange v. Troxler*, 329 So. 3d 1105, 1111 (La. App. 5 Cir. 2021). Therefore, whether the stairs were in violation of Louisiana building codes is merely some evidence that they were unreasonably dangerous. Furthermore, the fact that a great number of visitors to the Ritz-Carlton had used the stairs without incident in the past is not dispositive. The Louisiana Supreme Court has held that

> while the absence of prior reported injuries may be one of many factors
> for the trier-of-fact to consider, it is not an absolute bar to recovery.

> Numerous appellate decisions have found an unreasonable risk of
> harm even where the plaintiff's injury was the first reported at a
> certain place.

*Broussard*, 113 So. 3d at 187. Therefore, although the steps at the Ritz-Carlton had been used frequently without issue, this is not necessarily conclusive of the fact that their risk was open and obvious.

Plaintiff cites to *Bercy v. 337 Brooklyn, LLC* in which the Louisiana Fourth Circuit held that the trial court erred in granting summary judgment upon a finding that a staircase was an open and obvious risk. 315 So. 3d 342, 348 (La. App. 4 Cir. 2021). Like in *Bercy*, Plaintiff has alleged that the stairs were not up to code, and the plaintiff's expert found that the lack of color change between the stairs and the deck, the lack of handrails, and the varying height and width of each step meant that they were unreasonably dangerous. *Id.* at 346. The defendant argued that because Mr. Bercy had traversed the stairs in the past, their condition should have been obvious to him. *Id.* at 347. However, whether a defect is open and obvious is not a question of the subjective view of the plaintiff, but a general question of whether it was obvious to all who encounter it. *Id.* More importantly, the court found that the expert testimony from the plaintiff's expert that the condition of the stairs was unreasonably dangerous was enough to create a genuine issue of material fact. *Id.* at 348.

Like the Plaintiff in *Bercy*, Plaintiff has submitted an expert's opinion which concludes that the condition of the stairs was unsafe due to the absence of fully compliant handrails and lack of visual cues suggesting "an imminent change in

floor elevation." (Rec. Doc. 42-4, at 11). In determining whether there is a genuine issue of material fact in a motion for summary judgment, this Court cannot weigh the evidence or evaluate the credibility of testimony. *Delta & Pine Land Co.* 530 F.3d at 398. Based on this expert opinion, the Court is unable to conclude that the stairs were an open and obvious risk as a matter of law; a reasonable jury might find that the stairs as they were on the night of the accident were unreasonably dangerous. Because there is a genuine issue of material fact as to the second prong of the risk-utility analysis, this Court finds no need to evaluate the third and fourth prongs at this time.

## CONCLUSION

Accordingly, Defendant's *Motion for Summary Judgment* **(Rec. Doc. 31)** is hereby **DENIED**.

New Orleans, Louisiana, this 23rd day of November, 2022.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE